No. 24-1754

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

YAPP USA AUTOMATIVE SYSTEMS, INC.,

*Plaintiff-Appellant*,

v.

NATIONAL LABOR RELATIONS BOARD, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:24-cv-12173
The Honorable Laurie J. Michelson

## INTERNATIONAL UNION, UAW'S AND ITS LOCAL 174'S MOTION TO JOINTLY INTERVENE AS OF RIGHT, OR, IN THE ALTERNATIVE, BY PERMISSION

Maneesh Sharma
AFL-CIO
815 Black Lives Matter Plaza, N.W.
Washington, DC 20006
(202) 637-5336
msharma@aflcio.org

Robert Fetter
Miller Cohen, P.L.C.
7700 Second Avenue, Ste. 335
Detroit, MI 48202
(313) 964-4490
rfetter@millercohen.com

James A. Britton
International Union, UAW
8000 E. Jefferson Ave.
Detroit, MI 48214
(313) 926-5216
jbritton@uaw.net

*Counsel for Joint Intervenors*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Proposed-Intervenor International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 174 make the following joint disclosures:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? Answer: No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? Answer: No.

Date: September 17, 2024

Respectfully submitted,

/s/ Maneesh Sharma
AFL-CIO
815 Black Lives Matter Plaza, N.W.
Washington, D.C. 20006
(202) 637-5336
msharma@aflcio.org

# Table of Contents

I.   Introduction .......................................................................................................1

II.  Background ........................................................................................................1

III. The Court Should Grant the Union's Motion as of Right Because the Union
has a Significant Legal Interest in the Case that Has Not Been Adequately
Represented by the Parties .......................................................................................5

   A.  Legal Interest ................................................................................................6

   B.  Impairment of Legal Interest .......................................................................10

   C.  Inadequate Representation............................................................................12

   D.  Timing .........................................................................................................14

IV.  Even if this Court Denies the Union Intervention as of Right, It Should Grant
the Union Permission to Intervene.........................................................................15

V.  Conclusion ........................................................................................................17

# I. Introduction

Pursuant to Federal Rule of Appellate Procedure 27, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 174 (collectively "Union") respectfully move this Court for leave to jointly intervene in the above-captioned matter as of right, or, in the alternative, permissively. The UAW, through its Local 174, is the Charging Party in the proceeding of the National Labor Relations Board (NLRB) that Plaintiff YAPP USA Automotive Systems, Inc. seeks to enjoin. The Union has significant legal interests that it seeks to protect through intervention on appeal—including by filing briefs that make arguments different than the NLRB in response to motions seeking emergency injunctive relief that the Union anticipates YAPP will file with this Court and by seeking to participate in any oral argument—and it prays that the Court grant its motion.

# II. Background

In an effort to better their terms and conditions of employment, YAPP's employees sought to organize with the Union. Their right to do so is protected by the National Labor Relations Act (NLRA), which "declared" that the policy of the United States is to "encourag[e] the practice and procedure of collective bargaining[.]" 29 U.S.C. § 151. Relying on their statutory rights—and the statutory promise that those rights will be protected by the NLRB—a majority of

YAPP's production and maintenance employees signed cards authorizing the UAW to represent them for collective bargaining purposes. The UAW then demanded that YAPP recognize it as the exclusive collective bargaining representative for these employees. YAPP refused to recognize the UAW, which required the UAW to file for an NLRB election. *See* Complaint p. 5 [ECF No. 1, PageID.5]; Mot. for Prel. Inj., Ex. 2-A [ECF No. 4-2, PageID.89] (Certification of Results).

The Union alleges that during the organizing drive and through the lead-up to the election, YAPP engaged in a relentless anti-union campaign intended to defeat the organizing drive. Most relevant here, the Union alleges that YAPP's anti-union campaign involved numerous serious unfair labor practices that were intended to destroy the union's majority support, including "the industrial equivalent of capital punishment"—the discharge of union supporter Jesse Dowling due to his support for the UAW. *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 421 (1981) (Powell, concurring) (cleaned up); *see* Mot. for Prel. Inj., Ex. 2-C, NLRB Gen. Counsel Consolidated Compl. p. 5 [ECF No. 4-2, PageID.105]. The Union also alleges that YAPP's management and its union-buster consultants interrogated employees about their support for the union; threatened employees with discipline for discussing the union; surveilled their employees' union activity and created an impression that they were surveilling their employees' union

activity; and even tried to buy sympathies by providing food and beverages on the eve of the election. *See* Mot. for Prel. Inj., Ex. 2-C, NLRB Gen. Counsel Consolidated Compl. p. 3-7 [ECF No. 4-2, PageID.103-107]. Ultimately, the employees—intimidated by the relentless unfair labor practices—voted against the UAW. Mot. for Prel. Inj., Ex. 2-A [ECF No. 4-2, PageID.89].

The Union filed charges with the NLRB—the only entity empowered to remedy YAPP's unfair labor practices—in protest of YAPP's actions. The NLRB's General Counsel largely found merit to the Union's charges. Mot. for Prel. Inj., Ex. 2-C [ECF No. 4-2, PageID.101] (NLRB Gen. Counsel Consolidated Compl.). In its consolidated complaint, the General Counsel seeks not only to remedy the individual unfair labor practices, but also seeks an order requiring YAPP to bargain with the Union. *Id.* at 8-9 [PageID.108-109]. That requested order recognizes that YAPP's serious unfair labor practices destroyed the union's majority support, rendering the election results unreliable compared to the support for the Union that a majority of employees expressed prior to YAPP's unfair labor practices. *Id.* at 6 [PageID.106].

A hearing before an NLRB administrative law judge was to open on September 10, 2024. *Id.* at 10 [PageID.110]. But on August 19, 2024, YAPP filed a complaint in the Eastern District of Michigan against the NLRB, its Members, the NLRB General Counsel, and the ALJ assigned to the case, and claimed that the

NLRB's proceedings were unconstitutional for various reasons. [ECF No. 1]. The same day, YAPP filed a motion for temporary restraining order and expedited preliminary injunction that sought to enjoin the hearing before the ALJ. [ECF No. 4]. The NLRB filed a response opposing the motion [ECF No. 24], and the UAW, along with the American Federation of Labor-Congress of Industrial Organizations (AFL-CIO), filed an *amici curiae* brief urging the district court to deny YAPP's motion [ECF No. 23].

On September 9, 2024, Judge Michelson issued a thorough and well-reasoned decision denying the motion for injunctive relief. [ECF No. 29]. Judge Michelson found that YAPP was unlikely to succeed on any of its claims, and that it would suffer no irreparable harm.

Less than 30 minutes after Judge Michelson issued her decision, YAPP filed a notice of appeal [ECF No. 30], divesting the district court of jurisdiction over the matters on appeal. After filing its notice of appeal, YAPP filed an emergency motion for preliminary injunction pending appeal. [ECF No. 31].

Hours later, and just one minute after the NLRB filed its response to YAPP's emergency motion [ECF No. 33], Judge Michelson issued a one-paragraph order granting YAPP's motion [ECF No. 34]. Despite rejecting all of YAPP's claims earlier that morning, in granting the emergency motion, Judge Michelson wrote that "the Court does not discern any significant harm to the

Defendants from further delaying the September 10, 2024, administrative hearing pending a decision on YAPP's appeal." Order Granting Injunction Pending Appeal p. 2 [ECF No. 34, PageID.367].

On September 10, 2024, the NLRB filed a motion for reconsideration of the district court's order granting the injunction pending appeal. [ECF No. 35]. The UAW and AFL-CIO filed a motion for leave to file an *amici curiae* brief supporting the Board's motion, along with the proposed brief. [ECF No. 36]. On September 13, 2024, Judge Michelson granted the motion for reconsideration. [ECF No. 37]. In that same order, she also granted the *amici*'s motion for leave to file an *amici curiae* brief, and noted that, while she suspects the NLRB could have addressed the harms that *amici* detailed in their brief caused to the Union and YAPP's employees by the injunction pending appeal, "the NLRB did not do so." Order Granting Motion for Reconsideration p. 2 n. 1 [ECF No. 37, PageID.407].

## III.  The Court Should Grant the Union's Motion as of Right Because the Union has a Significant Legal Interest in the Case that Has Not Been Adequately Represented by the Parties

"No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 276 (2022). Thus, courts should "consider[] the policies underlying intervention in the district courts, including the legal interest

that a party seeks to protect through intervention on appeal." *Id*. at 277 (cleaned up).

The Supreme Court's guidance largely comports with this Court's approach of looking to the Federal Rules of Civil Procedure for guidance to determine whether to grant intervention on appeal. For intervention as of right on appeal, this Court requires the movant to demonstrate: "1) the motion is timely filed; 2) the movant possesses a substantial legal interest in the case; 3) the movant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the movant's interest." *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 831 Fed. Appx. 748, 750 (6th Cir. 2020), *abrogated* 595 U.S. 267 (2022), *citing* FRCP 24(a)(2). These factors "should be broadly construed in favor of potential intervenors[.]" *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

A.    Legal Interest

We begin with the substantial legal interest the Union seeks to protect, as that is the factor the Supreme Court highlighted in *Cameron*. In evaluating the legal interest factor, "[t]his circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "[P]roposed intervenors need not have a specific legal or equitable interest in the litigation for the interest to qualify

as substantial." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 772 (6th Cir. 2022).

Luckily, the Union does not need to address its legal interest on a blank slate. Over half a century ago, a unanimous Supreme Court in *UAW Local 283 v. Scofield*, 382 U.S. 205 (1965), explained that the interest of a charging party in NLRB proceedings differs from that of the Board such that intervention is warranted. There, the Court rejected the argument that the charging party was just "another member of the public whose interests the Board is designed to serve." *Scofield*, 382 U.S. at 218. Instead, the Court explained that the Board's duty to enforce "public rights" did not "exclude[] recognition of parochial private interests." *Id*. Because the NLRA "interblend[s]" "public" and "private interests," "the charging party may have vital private rights in the Board proceeding[.]" *Id*. at 220 (cleaned up); *see also NLRB v. KVP Sutherland Paper Co.*, 356 F.2d 671, 673 (6th Cir. 1966) ("obviously [charging party union] had a major stake in the outcome of [NLRB] proceeding").

Accordingly, charging parties have different interests than the Board in NLRB proceedings, and this Court regularly allows charging parties to intervene in cases involving a petition for review of an NLRB order. *See, e.g., Int'l Union of Operating Engineers, Local 18 v. NLRB*, 837 F.3d 593, 594 (6th Cir. 2016) ("When a party loses in an administrative proceeding before the National Labor

Relations Board, it may ask a court of appeals to review the decision.  The winning parties may intervene to defend the Board's judgment in their favor."); *Ozburn-Hessey Logistics, LLC v. NLRB*, 803 F. App'x 876 (6th Cir. 2020); *Kellogg Co. v. NLRB*, 840 F.3d 322 (6th Cir. 2016); *Kindred Nursing Centers E., LLC v. NLRB*, 727 F.3d 552 (6th Cir. 2013); *Extendicare Health Servs., Inc. v. NLRB*, 182 F. App'x 412 (6th Cir. 2006); *Dayton Newspapers, Inc. v. NLRB*, 402 F.3d 651 (6th Cir. 2005); *Wal-Mart Stores, Inc. v. NLRB*, 136 F. App'x 752 (6th Cir. 2005).

It can hardly be argued that the Union has a vital private interest in the outcome of the NLRB proceedings that are subject to YAPP's appeal and quest for injunctive relief.  The General Counsel's complaint seeks an order from the NLRB that would require YAPP to bargain with the Union over the terms and conditions of employment of YAPP's production and maintenance employees.  The Union further filed charges on behalf of YAPP employees who were subjected to YAPP's unfair labor practices.  The Union seeks to have those employees' rights vindicated, both as a matter of justice and in order for YAPP's employees to not be intimidated in the exercise of their rights, which is vital for the Union in its efforts to successfully engage in collective bargaining on behalf of the employees.  Clearly then, the Union's statutory rights, as well as the rights of the employees it seeks to represent, are directly implicated by the NLRB proceedings, which would

be significantly affected if those proceedings are enjoined and/or the NLRB is declared unconstitutional.

The Board has long recognized the legal interest that Charging Parties have in NLRB proceedings. Throughout the proceedings, "the charging party is accorded formal recognition: he participates in the hearings as a party; he may call witnesses and crossexamine others, may file exceptions to any order of the [ALJ], and may file a petition for reconsideration to a Board order[.]" *Scofield*, 382 U.S. at 219 (cleaned up). If the charging party loses at the Board, it can file a petition for review in the circuit courts as an aggrieved party. *Id*.; 29 U.S.C. § 160(f).

And, as mentioned above, charging parties are allowed to intervene where the respondent in the NLRB proceeding loses and files a petition for review in the circuit courts. Indeed, if YAPP had raised its constitutional arguments through the normal NLRB process, and filed a petition for review if the Board ruled against it, the Union would be allowed to intervene under *Scofield*.

The fact that YAPP filed suit in district court to directly challenge the Board's authority doesn't change the analysis of the Union's legal interest. *Scofield* makes clear that charging parties have interests in NLRB proceedings that differ from the Board's, and that interest has been recognized to allow charging parties to intervene throughout the NLRB proceeding and through any appeal in the circuit courts. This Court should recognize that the Union's significant legal

interest also adheres where a party seeks to enjoin and/or declare unconstitutional those Board proceedings.

B.    Impairment of Legal Interest

"[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.  This burden is minimal."  *Miller*, 103 F.3d at 1247 (citation omitted).  Having demonstrated that the Union has a substantial legal interest in a case seeking to enjoin and/or declare unconstitutional the NLRB proceedings in which its statutory rights, and those of the employees it seeks to represent, are at issue, it is easy to see how protection of that interest would be impaired without intervention.

Obviously, the Union's interest, as well as those of the employees it seeks to represent, would be drastically impaired if this Court were to provide YAPP the relief it seeks.  The Union and YAPP's employees would be left with statutory rights guaranteed by the NLRA that could not be enforced.  And the Union's hope to represent the employees, and those employees hope to be represented, would essentially be extinguished.  The Union's and the employees' legal interests then would be fatally impaired without any opportunity to participate in the case.

Indeed, the proceedings before the district court demonstrate how the Union's and YAPP's employees' substantial legal interests could be impaired without intervention.  The district court, after denying YAPP's motion for

injunctive relief, granted YAPP's emergency motion for an injunction pending appeal. The district court seemed to grant the emergency motion largely because it "d[id] not discern any significant harm to the Defendants" caused by the delay of the Board's hearing. Order Granting Injunction Pending Appeal p. 2 [ECF No. 34, PageID.367]. Thus, the district court considered the harm only to the Defendants, *i.e.*, the National Labor Relations Board and its employees. It didn't consider the harms to the Charging Party Union, or to YAPP's employees. Had the Union been a party in the case, the district court would more likely have considered the effects of its injunction on the Union and the employees it seeks to represent. And the Union would have had a right to file a brief in response to YAPP's emergency motion, rather than hoping for the district court to grant it leave to file an *amici curiae* brief. Moreover, as *amici*, the Union was unable to raise new substantive arguments that the Defendants didn't raise, such as that the district court no longer had jurisdiction to grant the emergency motion because YAPP filed the motion after filing its notice of appeal, as some district courts in this Circuit have held. *See Doe v. Franklin County Children's Servs.*, 2:20-cv-4119, 2020 WL 5642159 (S.D. Oh. Sept. 22, 2020).

Indeed, even though the injunction pending appeal was in place for only four days, it still has caused impairment of the Union's and YAPP's employees' interests by delaying the NLRB proceeding. The hearing that was scheduled to

begin September 10, 2024, must now be re-scheduled. This Court has previously recognized the harm caused by delay in collective bargaining:

> there was a very real danger that if the employer continued to withhold recognition from the Union, employee support would erode to such an extent that the Union could no longer represent those employees. At that point, any final remedy which the Board could impose would be ineffective.

*Frye v. Speciality Envelope, Inc.*, 10 F.3d 1221, 1226–27 (6th Cir. 1993) (cleaned up); *also Franks Bros. Co. v. NLRB*, 321 U.S. 702, 704 (1944) ("unlawful refusal of an employer to bargain collectively with its employees' chosen representatives disrupts the employees' morale, deters their organizational activities, and discourages their membership in unions"); *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1573 (7th Cir. 1996) ("As time passes, the benefits of unionization are lost and the spark to organize is extinguished. The deprivation to employees from the delay in bargaining and the diminution of union support is immeasurable."), *cert. denied*, 519 U.S. 1055 (1997). Accordingly, the delay caused by the district court's injunction has already impaired the Union's and the YAPP employees' legal interests. Without intervention now, another such mistake can cause even greater impairment.

## C.     Inadequate Representation

Like impairment, the burden to show inadequate representation also "is minimal[.]" *Miller*, 103 F.3d at 1247. This Court has explained that

> it is sufficient that the movant prove that representation *may* be inadequate. One is not required to show that the representation will in fact be inadequate. For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments.

*Id*. The Union easily meets this requirement.

As with impairment, the proceedings below demonstrate that the Union's interest may not be adequately represented. The NLRB will seek the same outcome as the Union, but it presented different arguments below. As just one example, the Union's joint *amici* brief with the AFL-CIO supporting the Board's motion for reconsideration discussed in detail the significant harm the injunction would cause the Union and YAPP's employees. *Amici* Br. 2-7 [ECF No. 36, PageID.397-402]. As the district court pointed out, the NLRB likely could have made those arguments, but it "did not do so." Order Granting Motion for Reconsideration p. 2 n. 1 [ECF No. 37, PageID.407]. Moreover, had the Union had party status at the district court, it also likely would have argued that the district court lacked jurisdiction to address YAPP's emergency motion because it was filed after the notice of appeal; the NLRB did not make that argument.

These examples clearly show that the Union may not be adequately represented by the original parties.

D. <u>Timing</u>

The Union's motion is timely filed. YAPP's notice of appeal was filed just over one week ago, on September 9, 2024. This matter has not progressed in this Court in any meaningful way. Accordingly, the Union has acted promptly and the original parties would suffer no prejudice if this Court grants this motion. *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (listing factors this Court considers in weighing the timeliness of a motion to intervene, including any prejudice to original parties by later intervention).

Even if considering the time that has elapsed since YAPP filed its complaint in the district court, this motion is timely. YAPP filed its complaint on August 19, 2024. That was less than 30 days ago. *See* FRAP 15(d) (providing 30 days to file a motion to intervene in cases involving review of agency actions). Thus, even at the district court, a motion to intervene would not likely be considered untimely. And the Union did not simply sit idly for the three weeks between the filing of YAPP's complaint and the filing of its notice of appeal. The Union, along with the AFL-CIO, filed a joint *amici curiae* brief arguing for denial of injunctive relief [ECF No. 23], and another *amici curiae* brief to support the NLRB's motion for reconsideration of the injunction pending appeal, [ECF No. 36].

Most importantly, it wasn't until the district court granted YAPP's emergency motion for an injunction pending appeal that the Union fully

appreciated that its legal rights could be substantially impaired without intervention and that the its interests may not be adequately represented by the parties. As noted, Judge Michelson failed to initially take into account the harm an injunction would cause to the Union's and YAPP employees' legal interests, and the NLRB didn't present the same arguments regarding harm to the Union and YAPP's employees that the Union did in its *amici curiae* brief. Accordingly, there exist "unusual circumstances militating … in favor of intervention" by the Union, as it is now promptly seeking intervention once the extent of the risk to its legal interests without intervention became clear. *Blount-Hill v. Zelman*, 636 F.3d at 284.

Because the Union satisfies all four requirements to intervene as of right, this Court should grant its motion to intervene.

## IV. Even if this Court Denies the Union Intervention as of Right, It Should Grant the Union Permission to Intervene

As with intervention by right, this Court looks to the Federal Rules of Civil Procedure for guidance on determining whether to allow permissive intervention on appeal. *See EMW Women's Surgical Center*, 831 Fed. Appx. At 752-53 (citing to FRCP 24(b) in evaluating permissive intervention on appeal). In short, "[t]o intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "Once these two

requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

The Union has already established that its motion is timely. And the Union has largely already demonstrated that its motion for intervention raises common questions of law and fact. The Union intends to argue that YAPP is not entitled to injunctive relief against the NLRB proceedings, both as a matter of law and as a matter or equity. That is, of course, common to the very question of law at issue in the appeal. However, the Union's arguments would not simply cover the same ground as the NLRB. The Union's unique legal interests, and those of the employees it seeks to represent, mean that it intends to make different arguments than the NLRB regarding the balance of equities and public interest in granting an injunctive relief. And as discussed above, those were not addressed by the NLRB at the district court.

Having established the two requirements for permissive intervention, this Court then considers whether there is any prejudice to the parties. But as mentioned above, there is none here. The case in this Court has not progressed meaningfully. And the Union is not a total stranger to this case; as stated above, it filed two *amici* briefs in the district court. It is then hard to see how any party would be prejudiced by the Union's participation as intervenor.

The Court should grant the Union permissive intervenor status, if it denies that the Union may intervene as of right.

## V.    Conclusion

For the reasons stated above, the Union respectfully asks this Court to grant its motion to jointly intervene, either as of right or by permission.

Date: September 17, 2024

Respectfully submitted,

/s/ Maneesh Sharma
AFL-CIO
815 Black Lives Matter Plaza, N.W.
Washington, D.C. 20006
(202) 637-5336
msharma@aflcio.org

James A. Britton
International Union, UAW
8000 E. Jefferson Ave.
Detroit, MI 48214
(313) 926-5216
jbritton@uaw.net

Robert Fetter
Miller Cohen, P.L.C.
7700 Second Avenue, Ste. 335
Detroit, MI 48202
(313) 964-4490
rfetter@millercohen.com

*Counsel for Joint Intervenors*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2024, a copy of the foregoing Motion to Intervene was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Maneesh Sharma
Maneesh Sharma

Date: September 17, 2024