No. 24-1754

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

YAPP USA AUTOMOTIVE SYSTEMS, INC., *Plaintiff-Appellant*,

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board; and ARTHUR AMCHAN in his official capacity as an Administrative Law Judge of the National Labor Relations Board, *Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:24-cv-12173
The Honorable Laurie J. Michelson

## APPELLANT YAPP USA AUTOMOTIVE SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR PRELIMINARY INJUNCTION & STAY PENDING APPEAL

Matthew T. Nelson
Amanda M. Fielder
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2000
E-mail: mnelson@wnj.com

Hunter K. Yoches
Robert W. Horton
Timothy K. Garrett
Bass Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Email: hunter.yoches@bassberry.com

*Attorneys for Plaintiff-Appellant*            Dated: October 1, 2024

**TABLE OF CONTENTS**

                                                                                                          <u>Page</u>

TABLE OF AUTHORITIES ................................................................................... iii

I.     YAPP is likely to succeed on the merits of the constitutional claims ............. 1

        A.     NLRB ALJs are unconstitutionally insulated from removal ................ 1

        B.     NLRB Board Members are unconstitutionally insulated from removal ................................................................................................... 4

II.    YAPP will suffer irreparable harm without a preliminary injunction ............. 6

III.   The balance of equities tips in YAPP's favor and an injunction is in the public interest ................................................................................................ 9

IV.   The balance of interests favors YAPP .......................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Axon Enterprises v. FTC*,
    498 U.S. 175 (2023)..................................................................................6, 7

*Calcutt v. FDIC*,
    37 F.4th 293 (6th Cir. 2022) ........................................................................7, 8

*Cochran v. SEC*,
    20 F.4th 194 (2021). ........................................................................................8

*Collins v. Department of Treasury*,
    83 F.4th 970 (5th Cir. 2023) ...........................................................................8

*Collins v. Yellen*,
    594 U.S. 220 (2021).....................................................................................5, 8

*Community Financial Services Association of America, Ltd. v. CFPB*,
    51 F.4th 616 (5th Cir. 2022) ...........................................................................7

*Consumers' Research v. CPSC*,
    91 F.4th 342 (5th Cir. 2024) ...........................................................................5

*Decker Coal Company v. Pehringer*,
    8 F.4th 1123 (9th Cir. 2021) ...........................................................................1

*Energy Transfer, LP, v. NLRB*,
    2024 WL 3571494 (S.D. Tex. July 29, 2024) ...........................................1, 6, 7

*Exela Enterprise Solutions, Inc. v. NLRB*,
    32 F.4th 436 (5th Cir. 2022) ...........................................................................5

*Free Enterprise Fund v. Public Company Accounting Oversight*,
    561 U.S. 477 (2010)...................................................................................1, 11

*Jarkesy v. SEC*,
    34 F.4th 446 (2022) .....................................................................................2, 3

Page(s)

*Leachco, Inc. v. CPSC*,
　103 F.4th 748 (10th Cir. 2024) ....................................................................... 1, 2

*Seila Law LLC v. CFPB*,
　591 U.S. 197 (2020) ............................................................................................ 4

*Space Exploration Technolo-Gies Corp. v. NLRB*,
　--- F. Supp. 3d ---, 2024 WL 3512082 (W.D. Tex. 2024) ........................ 1, 5, 6, 7

*Westrock Services, Inc.*,
　366 NLRB No. 157, slip op. (Aug. 6, 2018) ....................................................... 2

**Statutes**

29 U.S.C. § 160 ............................................................................................................ 3

**Other Authorities**

29. C.F.R. § 102.35 ...................................................................................................... 3

29 C.F.R. § 102.48 ................................................................................................... 3, 4

## I. YAPP is likely to succeed on the merits of the constitutional claims.

### A. NLRB ALJs are unconstitutionally insulated from removal.

Defendants cannot dispute that NLRB ALJs function as inferior officers of an executive agency, nor can Defendants dispute that NLRB ALJs are insulated by two layers of removal protection. As the Supreme Court has held, the added layer of tenure protection makes a difference. "A second level of tenure protection changes the nature of the President's review" and "[t]hat arrangement is contrary to Article II's vesting of the executive power in the President." *Free Enter. Fund v. Public Co. Accounting Oversight*, 561 U.S. 477, 495-96 (2010). Supreme Court precedent shows that YAPP will likely succeed here. Two courts recently addressed this exact issue involving the NLRB and its ALJs, and both granted a preliminary injunction. *See Space Expl. Tech. Corp. v. NLRB*, --- F. Supp. 2d --, 2024 WL 3512082 (W.D. Tex. 2024) ("*SpaceX*"); *Energy Transfer, LP, v. NLRB*, 2024 WL 3571494 (S.D. Tex. July 29, 2024).[1]

In the face of that reality, Defendants rely upon the Ninth Circuit's decision in *Decker Coal Company v. Pehringer*, 8 F.4th 1123, 1134-35 (9th Cir. 2021) and the Tenth Circuit's decision in *Leachco, Inc. v. CPSC*, 103 F.4th 748 (10th Cir. 2024), which relied upon *Decker Coal*. Both cases are inapplicable. *Decker Coal*

---

[1] In both cases, the district courts granted preliminary injunctions based on plaintiffs' claims regarding ALJ removal restrictions, and did not consider the other claims.

1

involved ALJs who "make decisions that are subject to vacatur by people without tenure protection." 103 F.4th at 1135. Thus, the ALJs in *Decker Coal* do not have two levels of removal protection, unlike NLRB ALJs. *Leachco* also incorrectly focused only on an ALJ's adjudicative role rather than recognizing that their activity occurs within an executive agency, making their functions subject to the Take Care Clause, and *Leachco* incorrectly stated that *Jarkesy* disregarded the functions of ALJs. *See Leachco*, 103 F.4th at 764.[2] To the contrary, *Jarkesy* noted:

> So, if SEC ALJs are "inferior officers" of an executive agency, as the Supreme Court in *Lucia* indicated was the case at least for the purposes of the Appointments Clause, they are sufficiently important to executing the laws that the Constitution requires that the President be able to exercise authority over their functions. Specifically, SEC ALJs exercise considerable power over administrative case records by controlling the presentation and admission of evidence; they may punish contemptuous conduct; and often their decisions are final and binding.

*Jarkesy v. SEC*, 34 F.4th 446, 464 (2022). The same is true of NLRB ALJs here.

The relevant inquiry is not a myopic look at whether the function is adjudicative or executive, but rather whether these inferior offices are exercising significant authority within an executive agency. The Board has conceded that ALJs are inferior officers. *Westrock Servs., Inc.*, 366 NLRB No. 157, slip op. at 1 (Aug. 6, 2018). NLRB ALJs exercise significant authority, especially because

---

[2] Defendants claim that *Jarkesy* mistakenly relied upon *Free Enterprise Fund*. Not so, the *Jarkesy* court thoroughly examined *Free Enterprise Fund* and correctly applied that binding precedent. *Jarkesy*, 34 F.4th at 463-65.

their decisions become final and binding when exceptions are not filed. *See, e.g.*, 29. C.F.R. § 102.35; 29 U.S.C. § 160(c); 29 C.F.R. § 102.48(a). The two-tiered just-cause removal structure is not remedied by potential Board review of ALJ decisions, as that occurs only if exceptions are filed, and it is sufficient that "often their decisions are final and binding." *Jarkesy*, 34 F.4th at 464.

Defendants also rely upon *Calcutt*. That case too is distinguishable, as explained in YAPP's Motion. FDIC ALJs' decisions are reviewed in **all** cases, whereas NLRB ALJs' decisions are reviewed only when exceptions are filed. As the district courts determined in *Energy Transport* and *SpaceX*, the authority of the NLRB's ALJs mirror the ALJs in *Jarkesy*. They are different from the ALJs in *Calcutt*. Defendants' effort to argue FDIC and NLRB ALJs are "indistinguishable" is contrary to reality.

The NLRA and the NLRB's rules and regulations expressly provide that, absent timely exceptions, the findings, conclusions, and recommendations of the ALJ's decision automatically become the Board's decision and order. 29 U.S.C. § 160(c); 29 CFR § 102.48(a) ("If no exceptions are filed, the administrative law judge's decision and recommended order **automatically become the decision and order of the Board pursuant to section 10(c) of the Act**. All objections and exceptions, whether or not previously made during or after the hearing, are deemed waived for all purposes." (emphasis added)). Defendants ask that this Court ignore

3

these laws and regulations and consider instead what can happen in particular matters. That the NLRB may review a particular ALJ decision does not change the reality that, in the absence of an exception, the ALJ's decision becomes final. *Id*.

The district court here acknowledged that reality, and yet inexplicably found there were only "minor differences" between the NLRB and FDIC ALJs. (R.29, Order, PageID.330.) Also inexplicably, the district court followed *Calcutt*, while acknowledging that it centers on ALJs who act as adjudicatory officials that "issue non-final recommendations," which is **not** true of NLRB ALJs. What Defendants and the district court call "minor" is actually significant; NLRB ALJs have materially greater decisional authority than the FDIC ALJs. These significant differences distinguish *Calcutt* and support YAPP's substantial likelihood of success on the merits regarding the unconstitutional removal protections for NLRB ALJs.

### B. NLRB Board Members are unconstitutionally insulated from removal.

Contrary to Defendants' assertions regarding *Humphrey's Executor*, the Supreme Court has recognized only one narrow exception for principal officers, namely "for multimember expert agencies that do not wield substantial executive power," *Seila Law LLC v. CFPB*, 591 U.S. 197, 218 (2020), and that narrow exception does not apply here because NLRB Board Members do wield substantial executive power. Defendants do not contest this point. Because Board Members

exert executive authority, the President must be able to remove them with only those limited barriers recognized by the Supreme Court as constitutional, as explained in YAPP's Motion. The removal protections for NLRB Members are impermissibly stricter than those that insulated the FTC Commissioners in 1935 (and still today). This violates the Take Care Clause. *See Collins v. Yellen*, 594 U.S. 220, 256 (2021) ("The President must be able to remove not just officers who disobey his commands but also those he finds 'negligent and inefficient[.]'") (quoting *Myers v. U.S.*, 272 U.S. 52, 135 (1926)).

As the court in *SpaceX* held:

> [A]llowing Congress to eliminate the President's ability to remove principal officers for inefficiency would be an unjustified expansion of *Humphrey's Executor*. *See Collins*, 141 S. Ct. at 1787.... **Finding that NLRB Member's removal protection constitutional would require this court to expand *Humphrey's Executor* where the Supreme Court has repeatedly declined to do so.** *See Free Enterprise Fund*, 561 U.S. 477 …; *see also Seila L. LLC*, 591 U.S. 197 …; *Collins*, 594 U.S. 220….

2024 WL 3512082, at *4 (emphasis added).[3]

---

[3] Defendants' reliance upon *Consumers' Research v. CPSC*, 91 F.4th 342 (5th Cir. 2024), and *Leachco*, *supra*, are misplaced as those courts did not analyze, much less explain, their departure from the narrow limits of the *Humphrey's Executor* standard. Significantly, these cases also do not address the NLRB. While Defendants seek to rely on the fractured *Consumers' Research* decision as "sister circuit" support, Defendants entirely fail to address *Exela Enterprise Solutions, Inc. v. NLRB*, 32 F.4th 436 (5th Cir. 2022), which highlights the NLRB's unique structure that divides prosecutorial authority between its Members (in the Section 10(j) context) and its politically accountable General Counsel (in unfair labor

## II. YAPP will suffer irreparable harm without a preliminary injunction.

YAPP will suffer immediate and irreparable harm absent injunctive relief. *Axon Enterprises v. FTC* controls here. There, the Supreme Court confirmed that a party suffers irreparable harm when subject to a proceeding before a decisionmaker who is unconstitutionally insulated from presidential oversight. 598 U.S. 175, 191 (2023).

Defendants ask this Court to disregard *Axon* and find that YAPP must endure the immediate and irreparable harm of being subjected to an unconstitutional proceeding. Defendants rely upon *Collins*. However, the *Collins* requirement is satisfied here. YAPP seeks to have this Court halt an ongoing agency proceeding that is before an unconstitutional decision-maker, and as the district court in in *Energy Transfer* noted:

> *Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff. For removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied. La Grange's alleged injury is having to participate in a constitutionally defective administrative process. And it's the removal provisions that create the constitutional defect.

*Energy Transfer, supra*, at *4. This distinction was also noted in *SpaceX*, *supra*, at *6 (noting *Collins* did not involve a "live claim for prospective relief" and finding that prospective and on-going agency action satisfied requirement for causal practice proceedings). Defendants' reliance on *Consumers' Research* is misplaced when *Exela Enterprises* provides NLRB-specific Fifth Circuit precedent.

6

harm.).

To accept Defendants' proposed reading of *Axon* creates conflict between *Axon* and *Collins*, rendering Defendants' requested reading unreasonable. Indeed, despite Defendants' efforts to wish away *Axon*, they cannot dispute the judicial recognition that prospective harm from an unconstitutionally protected ALJ and administrative board constitutes an on-going "here and now" injury. 598 U.S. 175, 190. Both *SpaceX*, *supra*, at *6 and *Energy Transfer*, *supra*, at *4, are on point and rely upon *Axon* to find the employers there were subject to ongoing irreparable harm from NLRB proceedings – the same agency proceedings at issue here. Both courts rejected NLRB's claim that *Axon*'s holding should be limited to issues of jurisdiction or standing. Indeed, Defendants fail to explain why a court should recognize irreparable and here-and-now harm for a jurisdictional reason but then ignore that same harm and thereby allow—rather than halt—an ongoing constitutional violation. *Axon* could not be clearer that the here-and-now harm of subjecting a party to an unconstitutional proceeding is irreparable. "A proceeding that has already happened cannot be undone." *Axon*, 598 U.S. at 191.

Defendants' other cases are also distinguishable.[4] *Calcutt v. FDIC*, 37 F.4th

---

[4] Defendant's reliance upon *Community Financial Services Association of America, Ltd. v. CFPB*, 51 F.4th 616, 631 (5th Cir. 2022) ("*CFSA*") is misplaced. *CFSA* addresses the requirements for invalidating or enjoining enforcement of an agency rule issued by officials who were unconstitutionally shielded from presidential oversight. *See* 51 F.4th at 631-32. As the en banc Fifth Circuit has

7

293 (6th Cir. 2022) *rev'd in part on other grounds* 598 U.S. 623 (2023), involves an effort to invalidate a past agency action and not, as here, an on-going harm. Defendants argue that *Calcutt* discussed both prospective and retroactive relief, but a sound reading of *Calcutt* reveals that its holding related to an agency "adjudication that has already ended." *Id.* That is not the case here. All the other cases on which Defendants rely in this portion of their argument involved efforts to vacate past agency decisions rather than constitutional challenges to ongoing adjudication and ancillary litigation. However, whether *Calcutt* applies to prospective or retroactive relief is not the ultimate inquiry, as the focus is upon the harm that is faced. The *Calcutt* court relied upon *Collins*, where the plaintiffs sought to invalidate an amendment to a stock-purchasing agreement made by the FHFA Director. *Collins*, 594 U.S. at 259. The "harm" there was being subjected to a specific rule or decision implemented by an unconstitutionally protected official. In contrast, YAPP faces a fundamentally different injury. YAPP's feared harm is not the threat of being subjected to a particular "challenged action." After all, the

---

explained, the Supreme Court case that *CFSA* construed—*Collins v. Yellen*, 594 U.S. 220 (2021)—is inapplicable when the constitutional claimant "does not seek to 'void' the acts of any [administrative] official" but rather "seeks an administrative adjudication untainted by separation-of-powers violations." *Cochran v. SEC*, 20 F.4th 194, 210 n.16 (2021). Defendants' citation of *Collins v. Department of Treasury*, 83 F.4th 970, 982 (5th Cir. 2023), has a similar problem. There the harm arose from past agency action, requiring "retrospective relief," not harm caused by ongoing unconstitutionally structured agency proceedings.

8

insulated actor, the NLRB ALJ, has yet to take any action whatsoever. Instead, the harm YAPP seeks to avoid is being subjected to unconstitutional agency authority—a proceeding before an unaccountable ALJ. As such, those opinions do not address the "here and now" harm identified in *Axon* and which will be inflicted on YAPP in the absence of an injunction, and which harm cannot be repaired after the fact, just as noted in *Axon* and in *Energy Transfer* and *SpaceX*.

## III. The balance of equities tips in YAPP's favor and an injunction is in the public interest.

The requested injunction would merely require the NLRB to stay the unconstitutional proceedings while this Court makes its determination. While YAPP will likely suffer constitutional deprivation from the hearing's proceeding, Defendants do not risk any irreparable harm.

Should this Court ultimately rule against YAPP, any alleged harm to Dowling from delay can be compensated by monetary damages. Furthermore, the NRLA gives the NLRB considerable powers to correct wrongs, and so any delay-induced harm can eventually be righted by the order of an ALJ or the NLRB. YAPP's injury cannot. As the Supreme Court in *Axon* acknowledges, should the proceeding take place, there is no remedy for YAPP.

Defendants further argue that YAPP's "unjustified delay" justifies denial of

its Motion.[5] The argument is misplaced. The policy favoring the preservation of judicial resources warrants YAPP's approach here—file suit only after exhausting all realistic avenues at informal resolution, especially before suing a federal agency. When the NLRB issued the initial complaint in April 2024, the parties were in settlement discussions, and those settlement prospects were not exhausted until just before the issuance of the Consolidated Amended Complaint, on August 6, 2024. Additionally, had YAPP sued before such issuance, it would have had to refile its lawsuit and motion papers, after already having gone through this process, wastefully duplicating effort and resources. YAPP filed its federal complaint and motion for preliminary injunction less than two weeks after the amended and consolidated complaint was issued, and only after all realistic settlement attempts had been exhausted. Likewise, YAPP filed this appeal expeditiously and is filing this Reply early due to the urgency of this appeal.

IV.     **The balance of interests favors YAPP.**

Lastly, Defendants inexplicably argue that upholding the Constitution is not the more compelling interest here because enforcing the Constitution may require the NLRB to halt other unconstitutional proceedings. That argument should fail for the sake of the Constitution and the citizens it protects.

---

[5] Conveniently, Defendants completely disregard the lengthy delay from their collective handling of the administrative proceedings.

As the Supreme Court has stated:

> No one doubts Congress's power to create a vast and varied federal bureaucracy. But where, in all this, is the role for oversight by an elected President? The Constitution requires that a President chosen by the entire Nation oversee the execution of the laws. And the 'fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution,' for '[c]onvenience and efficiency are not the primary objectives—or the hallmarks—of democratic government.'"

*Free Enter. Fund*, 561 U.S. at 499 (citations omitted).

Dated: October 1, 2024

*s/ Matthew T. Nelson*
Matthew T. Nelson
Amanda M. Fielder
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2000
E-mail: mnelson@wnj.com

Hunter K. Yoches
Robert W. Horton
Timothy K. Garrett
Bass Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Email: hunter.yoches@bassberry.com

*Attorneys for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation pursuant to Fed. R. App. P. 27(d)(2)(A). The foregoing motion contains 2,590 words of Times New Roman 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

Dated: October 1, 2024

*s/ Matthew T. Nelson*
Matthew T. Nelson
Amanda M. Fielder
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2000
E-mail: mnelson@wnj.com

Hunter K. Yoches
Robert W. Horton
Timothy K. Garrett
Bass Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Email: hunter.yoches@bassberry.com

*Attorneys for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

This certifies that the foregoing Reply Brief in Support of Appellant's Emergency Motion for Preliminary Injunction and Stay Pending Appeal was served October 1, 2024, by electronic mail using the Sixth Circuit's Electronic Case Filing system on all parties of record.

*s/ Matthew T. Nelson*
Matthew T. Nelson
Amanda M. Fielder
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2000
E-mail: mnelson@wnj.com

*Attorneys for Plaintiff-Appellant*

31229575-1