No. 24-1754

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 13, 2024
KELLY L. STEPHENS, Clerk

YAPP USA AUTOMOTIVE SYSTEMS, INC.,        )
                                          )
          Plaintiff-Appellant,            )
                                          )
v.                                        )          O R D E R
                                          )
NATIONAL LABOR RELATIONS BOARD, a         )
federal administrative agency, et al.,    )
                                          )
          Defendants-Appellees.           )

Before:  McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

Plaintiff YAPP USA Automotive Systems, Inc. appeals a district court order denying an injunction to halt YAPP's upcoming hearing before the National Labor Relations Board (NLRB). YAPP now moves to enjoin the NLRB from conducting administrative proceedings against it and to stay the district court proceedings pending appeal. Defendants—the NLRB and several of its officers—oppose the motion. In addition, proposed intervenors International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 174 (collectively, "Unions") move for leave to file an amicus brief opposing YAPP's motion.

We first address the Unions' motion. Amicus briefs may be permitted upon the "court's initial consideration of a case on the merits." Fed. R. App. P. 29(a)(1). We have routinely granted amicus appearances when reviewing motions for injunction pending appeal. *See, e.g.*, *Ohio v. Becerra*, No. 21-4235, 2022 WL 413680, at *5 (6th Cir. Feb. 8, 2022) (order); *Castillo v. Whitmer*,

823 F. App'x 413, 418 (6th Cir. 2020) (order). The Unions tendered their brief with their motion, which was timely filed. *See* Fed. R. App. P. 29(a)(3), (6). Neither party opposes the motion for leave to file, and the Unions' appearance will not result in a judge's disqualification on this panel. *See* Fed. R. App. P. 29(a)(2). Thus, the motion is granted.

We next turn to YAPP's motion. YAPP seeks to both enjoin the NLRB proceedings and stay the district court proceedings. However, its motion is dedicated entirely to its request for injunctive relief. Because YAPP has provided no support for its request to stay the district court proceedings, that relief is denied. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

When determining whether to grant an injunction pending appeal, we consider four factors: "(1) whether the applicant is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably harmed absent the injunction; (3) whether the injunction will injure the other parties; and (4) whether the public interest favors an injunction." *Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477, 479 (6th Cir. 2020) (order). We review the district court's denial of a preliminary injunction for abuse of discretion, and we review its legal conclusions de novo. *Cath. Healthcare Int'l, Inc. v. Genoa Charter Twp.*, 82 F.4th 442, 447 (6th Cir. 2023). A preliminary injunction is an "extraordinary remedy" that we will only grant if "the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

On appeal, YAPP argues that the NLRB Board members and the NLRB administrative law judges (ALJs) are unconstitutionally protected from removal by the President. YAPP further claims that it will face "irreparable harm if it is required to proceed to an administrative hearing before an unconstitutionally insulated ALJ, and later, unconstitutionally insulated Board [m]embers."

In recent years, the Supreme Court has addressed several statutory schemes that shield executive officers from at-will removal by the President. *See, e.g.*, *Collins v. Yellen*, 594 U.S. 220 (2021); *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020); *Free Enter. Fund v. Public. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010). Even more recently, some courts have found that the dual-layer removal protections for executive agency ALJs are unconstitutional. *See, e.g.*, *Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022), *aff'd on other grounds*, 144 S. Ct. 2117 (2024); *Energy Transfer, LP v. NLRB*, No. 3:24-CV-198, 2024 WL 3571494, at *2 (S.D. Tex. July 29, 2024); *Space Expl. Technolo-Gies Corp. v. NLRB*, No. W-24-CV-00203-ADA, 2024 WL 3512082, at *3 (W.D. Tex. July 23, 2024).

These separation of powers questions are both complicated and consequential, but we need not address them at the preliminary injunction stage. Even if the removal protections of the NLRB Board members and ALJs are unconstitutional, YAPP is not automatically entitled to an injunction. Under Supreme Court and Sixth Circuit precedent, a party challenging an agency's removal protection scheme "is not entitled to relief unless that unconstitutional provision 'inflict[s] compensable harm.'" *Calcutt v. FDIC*, 37 F.4th 293, 310 (6th Cir. 2022) (alteration in original) (quoting *Collins*, 594 U.S. at 259), *rev'd on other grounds*, 598 U.S. 623 (2023).

In *Collins*, the Supreme Court concluded that the removal restrictions for the director of the Federal Housing Finance Agency were unconstitutional. 594 U.S. at 250. But the Court did not conclude that the Freddie Mac and Fannie Mae shareholders who challenged the removal protection scheme were automatically entitled to relief. Instead, the shareholders needed to show that the unconstitutional removal restriction—and not simply the agency's actions—would "cause harm." *Id.* at 260.[1] The Court provided two examples of when a removal protection scheme would

---

[1] Several concurring Justices in *Collins* reiterated this point. *See Collins*, 594 U.S. at 267 (Thomas, J., concurring) ("The mere existence of an unconstitutional removal provision…generally does not automatically taint Government action by an official unlawfully insulated."); *id.* at 274 (Kagan, J., concurring in part and concurring in the judgment) ("[P]laintiffs alleging a removal violation are entitled to injunctive relief—a rewinding of agency

"clearly" satisfy this causal harm requirement. First, the causal harm requirement would be satisfied if the President tried to remove an agency director, but a court prevented the removal because the President did not have "cause." *Id.* at 259. Second, the requirement would be met if the President publicly "express[ed] displeasure" with the agency director's actions and said that he would remove the director if there was no removal protection. *Id.* at 260.

This court recognized that "*Collins*…provides a clear instruction: To invalidate an agency action due to a removal violation, that constitutional infirmity must 'cause harm' to the challenging party." *Calcutt*, 37 F.4th at 316 (citation omitted). We then clarified two additional points. First, a party challenging the constitutionality of an agency's removal protection scheme cannot simply show that the agency's action caused—or will cause—harm. Instead, "the constitutional violation must have *caused* the harm." *Id.* (citing *Collins*, 594 U.S. at 259). Second, a challenger cannot rely on "vague, generalized allegations" of harm; "a more concrete showing [i]s needed." *Id.* at 317. In short, a challenger "would need to show that the removal restriction *specifically* impacted the agency actions of which they complain[]." *Id.* at 315.

YAPP has not explained how the removal protections for the NLRB Board members or the NLRB ALJs would "*specifically* impact[]" the upcoming proceeding. *Id.* For example, YAPP has not shown that the removal protection scheme "prevent[ed] superior officers from removing Board members when they attempted to do so" or "alter[ed] the Board's behavior" prior to the proceeding. *Id.* at 316. Nor has it demonstrated that, "but for the allegedly unconstitutional removal provisions, the [NLRB Board members] or [the NLRB ALJ] would have been removed, the [NLRB] proceedings against it would not be occurring, or the proceedings would be different in

_____

action—only when the President's inability to fire an agency head affected the complained-of decision."); *id.* at 284 n.1 (Sotomayor, J., concurring in part and dissenting in part) (agreeing with the majority as to "what the appropriate remedial implications would be if the FHFA Director's for-cause removal protection were unconstitutional").

any way." *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 757 (10th Cir. 2024). YAPP's bare claim that the NLRB proceeding would be "illegitimate" is not enough.

YAPP's counterarguments are unpersuasive. First, YAPP argues that our holding in *Calcutt* is not applicable to prospective relief. But *Calcutt* explicitly stated that the distinction between prospective and retrospective relief "does not matter." 37 F.4th at 316. The question of whether the removal protection scheme inflicted harm "remains the same whether the petitioner seeks retrospective or prospective relief." *Id.*

Second, YAPP claims that the alleged harm of "being subjected to unconstitutional agency authority" was recognized in *Axon Enters., Inc. v. FTC*, 598 U.S. 175 (2023). *Axon* involved two challenges to the SEC and FTC's authority to proceed with enforcement actions because the removal protections for ALJs were unconstitutional. 598 U.S. at 180. The Court did not address the merits of those claims, but rather assessed whether federal courts have *jurisdiction* to hear the claims on their merits. *Id.* ("Our task today is not to resolve th[e] challenges [to the agencies' structures]; rather, it is to decide where they may be heard."). As the district court correctly noted, *Axon* "did not address issues of relief or injury." *See also Leachco*, 103 F.4th at 759 (noting that *Axon* "only upheld district court jurisdiction to consider collateral constitutional challenges to administrative proceedings," and concluding that it is not "a broad ruling that creates an entitlement on the merits to a preliminary injunction in every case where such constitutional challenges are raised"). Because *Axon* did not overrule *Collins*—or, by extension, *Calcutt*—we are bound by our prior ruling. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (citation omitted) (noting that a prior decision by another panel of this court "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision").

Within our preliminary injunction analysis framework, YAPP's failure to satisfy the causal harm requirement could mean that it is not likely to succeed on the merits or that has not shown that it will suffer irreparable harm. *Compare Calcutt*, 37 F.4th at 313–17 (analyzing the causal harm requirement on the merits), *with Leachco*, 103 F.4th at 753–59 (discussing the requirement as a showing of "irreparable harm"). In any case, the outcome is the same: YAPP is not entitled to a preliminary injunction because it has not shown that the removal protections for the NLRB officials will "cause harm." *Calcutt*, 37 F.4th at 316.

Accordingly, the Unions' motion for leave to file an amicus brief is **GRANTED**. YAPP's motion to stay the district court proceedings and enjoin the NLRB proceeding is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk