UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 21, 2024
KELLY L. STEPHENS, Clerk

)
)
YAPP USA AUTOMOTIVE SYSTEMS, INC.       )
                                        )
        Plaintiff - Appellant           )
v.                                      )
                                        )
NATIONAL LABOR RELATIONS BOARD, a       )
federal administrative agency; JENNIFER A. )
ABRUZZO, in her official capacity as the General )   O R D E R
Counsel of the National Labor Relations Board; )
LAUREN M. MCFERRAN, in her official capacity as )
the Chairman of the National Labor Relations Board; )
MARVIN E. KAPLAN, in his official capacity as )
Board Members of the National Labor Relations )
Board; GWYNNE A. WILCOX, in her official )
capacity as Board Members of the National Labor )
Relations Board; DAVID M. PROUTY, in his official )
capacity as Board Members of the National Labor )
Relations Board; ARTHUR AMCHAN, in his official )
capacity as an Administrative Law Judge of the )
National Labor Relations Board,         )
                                        )
        Defendants – Appellees.         )

Before: READLER, Circuit Judge.

Plaintiff YAPP USA Automotive Systems, Inc. ("YAPP") appeals a district court order denying an injunction against YAPP's hearing before the National Labor Relations Board ("NLRB"). International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 174 (collectively, "Unions") jointly move for leave to intervene as of right or, in the alternative, permissively. No party opposes the motion.

The Court may grant intervention on appeal, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). *Ne. Ohio Coal. for Homeless & Serv.*

*Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006); *see also Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790 (6th Cir. 2010) (order). Although the Federal Rules of Civil Procedure generally apply only in federal district courts, "the policies underlying intervention may be applicable in appellate courts." *UAW Loc. 283 v. Scofield*, 382 U.S. 205, 216 n.10 (1965); *see also Blackwell,* 467 F.3d at 1007 n.2 ("[W]e apply the rule ourselves in the first instance.").

To intervene as of right under Rule 24(a)(2), a movant must show that (1) its motion was timely filed; (2) it possesses a substantial legal interest in the case; (3) its ability to protect its interest will be impaired without intervention; and (4) existing parties will not adequately represent the movant's interests. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); *see also* Fed. R. Civ. P. 24(a)(2). Establishing impairment of an interest and inadequate representation are both "minimal" burdens, requiring the party to show only that representation of his interest and the existing party's representation "may be" inadequate. *Blackwell*, 467 F.3d at 1007–08.

The Unions qualify for intervention as of right. "[E]valuated in the context of all relevant circumstances," the Unions timely sought intervention on September 17, 2024. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472–73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)); *cf.* Fed. R. App. P. 15(d) (providing thirty-day deadline for intervention in matters involving review of enforcement of agency order). The Unions also have indisputable interests in this appeal because it directly implicates their statutory rights under the National Labor Relations Act. And those interests might be impaired without intervention; after all, if YAPP receives its requested relief here, that judgment would render the Unions' rights under the NLRA largely unenforceable. Finally, the Unions met the "minimal burden" of demonstrating that their interests might be inadequately represented given that the NLRB and the Unions "seek the same

outcome" but "[the NLRB] presented different arguments below." This Court has clarified that "[o]ne is not required to show that the representation will in fact be inadequate. For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

In consideration of the above, the Unions' motion to intervene as of right in this appeal is **GRANTED.**

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk